Filed 9/30/20  P. v. Hunsucker CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or o4rdered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>SONIA LEXION HUNSUCKER,<br><br>        Defendant and Appellant. | A158938<br><br>(Humboldt County<br>Super. Ct. No. CR1102131) |

Defendant Sonia Lexion Hunsucker pled guilty to second degree murder based on her participation in the burglary of a home in which one of her confederates killed one of the home's occupants.  After the Legislature changed the law relating to this kind of liability for murder in Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill No. 1437), Hunsucker petitioned for resentencing under one of the provisions of that bill, Penal Code section 1170.95.[1]  The trial court denied her petition because it found Senate Bill No. 1437 unconstitutional.  Hunsucker contends this was error, and the Attorney General has filed an amicus brief supporting her.  The District Attorney, on behalf of the People, supports the trial court's ruling, but with a different rationale.

---

[1] All undesignated statutory citations are to the Penal Code.

1

The constitutionality of Senate Bill No. 1437 has been litigated extensively. Every court to have considered the District Attorney's arguments—at this point, 14 published opinions and scores of unpublished decisions—has rejected them and upheld Senate Bill No. 1437.[2] After carefully considering the issues, we agree with these precedents. Accordingly, we will reverse the trial court's judgment and remand for further proceedings.

## BACKGROUND[3]

In May 2011, Hunsucker and several others burglarized a home. During the course of the burglary, one of Hunsucker's confederates killed one of the occupants of the home, Darrell Hanger. Hunsucker was charged with murder, burglary, and related charges and special allegations. Hunsucker pled guilty to second degree murder in July 2012 and was sentenced to a

---

[2] *People v. Lombardo* (Sept. 11, 2020, C090041) __ Cal.App.5th __, 2020 Cal.App. Lexis 862; *People v. Lippert* (2020) 53 Cal.App.5th 304, petition for review filed Sept. 17, 2020, S264495; *People v. Nash* (2020) 52 Cal.App.5th 1041, petition for review filed Sept. 10, 2020, S264379 (*Nash*); *People v. Superior Court* (*Ferraro*) (2020) 51 Cal.App.5th 896; *People v. Lopez* (2020) 51 Cal.App.5th 589; *People v. Alaybue* (2020) 51 Cal.App.5th 207 (*Alaybue*); *People v. Johns* (2020) 50 Cal.App.5th 46; *People v. Prado* (2020) 49 Cal.App.5th 480; *People v. Smith* (2020) 49 Cal.App.5th 85, 91, review granted on other grounds, July 22, 2020, S262835; *People v. Bucio* (2020) 48 Cal.App.5th 300; *People v. Solis* (2020) 46 Cal.App.5th 762; *People v. Cruz* (2020) 46 Cal.App.5th 740; *People v. Lamoureux* (2019) 42 Cal.App.5th 241; *People v. Superior Court* (*Gooden*) (2019) 42 Cal.App.5th 270 (*Gooden*); but see *Lippert*, at pp. 314–326 (dis. opn. of Ramirez, P.J.); *Nash*, at pp. 1084–1087 (conc. & dis. opn. of Poochigian, Acting P.J.); *Lamoureux*, at pp. 268–269 (dis. opn. of O'Rourke, J.); *Gooden*, at p. 289 (dis. opn. of O'Rourke, J.).

[3] We recite only those facts necessary to resolve the procedural issue raised in this appeal. A more extensive description of the factual background of this case can be found in our prior decision in an appeal by one of Hunsucker's co-defendants, *People v. Surber* (Jan. 23, 2017, A139754) [nonpub. opn.].

stipulated 15 years to life in prison, in exchange for the dismissal of the rest of the charges and special allegations. Hunsucker appealed but abandoned the appeal in March 2013.

In January 2019, Hunsucker filed a petition under section 1170.95 to have her second degree murder conviction vacated and to be resentenced. The District Attorney moved to dismiss the petition on the grounds that the resentencing mechanism in section 1170.95 was an unconstitutional amendment of Proposition 7 (as approved by voters, Gen. Elec. (Nov. 7, 1978) (Proposition 7)) and Proposition 115 (as approved by voters, Primary Elec. (Jun. 5, 1990) (Proposition 115)). The trial court did not address those arguments but nonetheless denied Hunsucker's petition because it ruled that section 1170.95 violated (1) the separation of powers doctrine by modifying a final judgment; (2) the victim's right to finality of the judgment in a criminal case under Proposition 9 of 2008, known as "Marsy's Law" (as approved by voters, Gen. Elec. (Nov. 4, 2008) (Proposition 9)); and (3) the right of the prosecution to have a trial by jury. Hunsucker timely appealed.

## DISCUSSION

### I. Relevant legal principles and standard of review

#### A. Senate Bill No. 1437

"Under the felony-murder rule as it existed prior to Senate Bill [No. 1437], a defendant who intended to commit a specified felony could be convicted of murder for a killing during the felony, or attempted felony, without further examination of his or her mental state." (*Gooden*, *supra*, 42 Cal.App.5th at p. 275.) "Independent of the felony-murder rule, the natural and probable consequences doctrine rendered a defendant liable for murder if he or she aided and abetted the commission of a criminal act (a target offense), and a principal in the target offense committed murder (a

3

nontarget offense) that, even if unintended, was a natural and probable consequence of the target offense." (*Id*. at p. 276.)

The Legislature enacted Senate Bill No. 1437 "to 'amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*Nash*, *supra*, 52 Cal.App.5th at 1055.) "To that end, Senate Bill No 1437 amended section 188, defining malice, and section 189, defining the degrees of murder, to address liability based on felony murder and the natural and probable consequences doctrine. As amended, section 188 now provides, 'Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime.' (§ 188 subd. (a)(3).) [¶] Subdivision (e) of section 189, added by Senate Bill No. 1437, provides: 'A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: (1) The person was the actual killer[;] [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree[; and] [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2.' " (*Nash*, at p. 1055.) Senate Bill No. 1437 also added subdivision (f) to section 189, which provides an exception to subdivision (e) for certain cases when the victim is a police officer. (*Ibid*.)

4

Senate Bill No. 1437 added section 1170.95 to the Penal Code to create a procedure to allow defendants to take advantage of Senate Bill No. 1437's changes to the law.  Section 1170.95, subdivision (a) provides, "A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."  If the trial court finds the petition makes a prima facie showing that the petitioner is entitled to relief, it must issue an order to show cause and hold a hearing at which the prosecution has the burden of proving beyond a reasonable doubt that the petitioner is not eligible for resentencing.  (§ 1170.95, subds. (c), (d)(1), (d)(3).)  "If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges. . . . [¶] If a petitioner is entitled to relief pursuant to [section 1170.95], murder was charged generically, and the target offense was not charged, the petitioner's conviction shall be redesignated as the target offense or underlying felony for resentencing purposes."  (§ 1170.95, subds. (d)(3), (e).)

## B. Proposition 7

"Proposition 7 was approved by voters in 1978. The initiative increased the punishment for first and second degree murder by amending section 190. [Citation.] It also 'sought to strengthen and expand California's death penalty with amendments to sections 190.1 through 190.5.' [Citation.] [¶] Prior to Proposition 7's passage, 'a first degree murder conviction was punishable by life imprisonment with the possibility of parole after seven years,' and a second degree murder conviction was punishable by a term of five, six, or seven years in prison. [Citation.] Proposition 7 increased the punishment for first degree murder to life imprisonment with the possibility of parole after 25 years. The penalty for second degree murder was increased to life imprisonment with the possibility of parole after 15 years." (*Alaybue*, *supra*, 51 Cal.App.5th at p. 212.)

## C. Proposition 115

"Proposition 115 was approved by voters in 1990. Pertinent here, it amended section 189, which defines the degrees of murder and addresses felony-murder liability. Proposition 115 added kidnapping, train wrecking, and certain sex offenses to the list of predicate felony offenses in section 189 that qualify for first degree felony murder. ([*Gooden*, *supra*,] 42 Cal.App.5th [at p.] 278.) [¶] 'Proposition 115 also "revised the scope of capital liability for aiding and abetting felony murders" by amending section 190.2 to indicate that for first degree felony murder " 'every person, not the actual killer, who, with reckless indifference to human life and as a major participant' aids or abets the crime may be convicted of special circumstance murder." ' " (*Alaybue*, *supra*, 51 Cal.App.5th at p. 212.) "Proposition 115 authorized the Legislature to amend its provisions, but only by a two-thirds vote of each house." (*Gooden*, *supra*, 42 Cal.App.5th at p. 278.)

6

### D. Standard of Review

"We review de novo the question of whether a statute is unconstitutional." (*People v. Luo* (2017) 16 Cal.App.5th 663, 680; see also *Nash*, *supra*, 52 Cal.App.5th at p. 1054; *Alaybue*, *supra*, 51 Cal.App.5th at p. 214.)

## II. Analysis

The District Attorney contends the trial court's order should be affirmed because Senate Bill No. 1437 is unconstitutional for four reasons: (1) it amends Proposition 7, contrary to the will of the voters; (2) it amends Proposition 115 and was not enacted by the two-thirds majority of each house of the Legislature that Proposition 115 required; (3) it violates separation of powers by giving the trial courts power over prosecutorial charging decisions; and (4) it violates separation of powers by modifying the final judgment of Hunsucker's conviction.[4]  None of these arguments is new, and every court to have considered them has rejected them.  (See p. 2, fn. 2, *ante*.)

The District Attorney admits that four published decisions have already rejected them, but her briefing neglects to mention nine others that were issued before she filed her brief.  This omission probably reflects the fact that the District Attorney's unconstitutionality arguments are copied nearly verbatim from those in a brief filed by another district attorney in a different case, *People v. Seth* (Aug. 27, 2020, H047307) (nonpub. opn.), before some of

---

[4] The District Attorney does not mention the trial court's ruling that Senate Bill No. 1437 violates the victim's right under Proposition 9 of 2008 to a final judgment of conviction or the right of the prosecution to a trial by jury under Article I, section 16 of the California Constitution.  We interpret this silence as a waiver of these issues and an implicit concession that these bases for the trial court's ruling are incorrect.  (*People v. Thorbourn* (2004) 121 Cal.App.4th 1083, 1089.)

the more recent published decisions on point were issued.[5] We frown on both the District Attorney's failure to cite to adverse authority issued before she filed her brief and on her wholesale copying of material from another lawyer's brief without attribution. (Cf. Rules Prof. Conduct, rule 3.3(a) [a lawyer must not "fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel"]).

In any event, the terrain of the District Attorney's arguments is at this point well-trodden, so we need not discuss the parties' contentions at length. After thoroughly considering the issues and reviewing the legislative history of Proposition 7 and Proposition 115,[6] we agree with the published decisions on point, which reject each of the District Attorney's theories of unconstitutionality. We reach the same conclusions as those decisions and adopt their analysis as our own. (See, e.g., *Nash, supra*, 52 Cal.App.5th 1041; *Alaybue, supra*, 51 Cal.App.5th 207.)

Separate from the constitutionality of section 1170.95, both parties invite us to address whether Hunsucker's petition sets forth a prima facie case for relief under section 1170.95. We decline these invitations. As Hunsucker admits, the trial court did not reach this issue. The record does not contain direct evidence concerning Hunsucker's role in the burglary and murder, only the District Attorney's summary of that evidence in a brief in

---

[5] Indeed, the District Attorney's brief copies a line from the respondent's brief in *People v. Seth* which she asks this Court to give her arguments a "fresh look," purportedly because they are not the same as those made in the four adverse decisions she acknowledges.

[6] We grant the District Attorney's unopposed request for judicial notice of the ballot materials for Proposition 7 and Proposition 115. (Evid. Code, §§ 452, subd. (c), 459, subd. (a)(1); *Vargas v. City of Salinas* (2009) 46 Cal.4th 1, 22, fn. 10.)

the trial court.  Accordingly, we express no opinion on the merits of Hunsucker's petition and will remand the matter for the trial court to conduct further proceedings.

## DISPOSITION

The trial court's order is reversed.  The matter is remanded for further proceedings under section 1170.95.


 

_____

BROWN, J.


WE CONCUR:


_____

POLLAK, P. J.


_____

STREETER, J.


*People v. Hunsucker* (A158938)